OLGA IVANOVNA PIROJNIKOFF, Plaintiff, *v.* NATIONAL CITY BANK OF NEW YORK, Defendant.

Supreme Court, New York County, January 17, 1929.

*S. F. Peavey, Jr.*, for the plaintiff.

*Shearman & Sterling*, for the defendant.

SHERMAN, J.    Plaintiff, in July, 1917, desired to have Russian rubles deposited to her credit in defendant's branch bank at Petrograd, Russia.   In order to effectuate her purchase she paid to defendant in New York the sum of $1,196.69 and took the following receipt:

"NEW YORK, *July 9th*, 1917.

" Received from Madam Olga Ivanovna Pirojnikoff One thousand one hundred ninety-six and 69/100 Dollars, equivalent to Rs. 5342.36, at 22.40, which are to be placed on deposit in current account with Petrograd Branch in favor of above.

" THE NATIONAL CITY BANK OF NEW YORK,

" W. SHEEHAN, *Manager*."

Thereafter the proper amount of rubles was deposited at the Petrograd branch.   The contract between the parties thus was executed.   In May, 1924, after defendant had closed its Russian branch and after considerable correspondence with plaintiff, it notified the latter that it elected to close her Russian account and offered to pay at her option rubles in the sum deposited or their value in dollars, or if payment was not then desired to keep the rubles as agent for plaintiff until such time as it might reach an adjustment with some Russian government.   This action was brought in December, 1924, to recover $1,196.69, the amount originally paid by plaintiff, together with interest from the date of payment. Plaintiff's position seems to be that upon defendant's notice of May, 1924, she had the right to rescind the contract of July, 1917.   This view overlooks the fact that the contract of the parties has been entirely executed.   Upon the facts I find that the defendant has done all that it obligated itself to do and that its notice of May, 1924, must be held to be, not a breach of contract, but a mere statement of prior performance and an expression of a desire to terminate the relation of debtor and creditor which then existed.   The same conclusion was reached as a matter of law upon the facts as revealed by affidavit when plaintiff's motion for summary judgment was denied at Special Term.   The memorandum which accompanied

that decision is: " This is not a case where the bank failed to remit the foreign currency. The credit was actually opened in Russia and the bank simply requested the depositor to close the Russian account. I can see no theory upon which as a matter of law I can order judgment for the amount demanded in the complaint. The bank is, of course, willing to pay the value of the rubles, but the complaint does not ask judgment for this amount, nor is there anything before me to indicate the value of the rubles. The motion [for summary judgment] is therefore denied." (N. Y. L. J. April 23, 1925, p. 320.) The order entered thereon has not been appealed from and is, therefore, conclusive. The complaint is dismissed upon the merits.